IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS JAMES GOSNELL,<br><br>Defendant. | CR 15–09–BU–DLC<br><br><br>ORDER |

Before the Court is Defendant Douglas James Gosnell's Motion for Early Termination of Supervised Release. (Doc. 80). Defendant began serving his three-year term of supervision on November 27, 2017. (Doc. 81.) He has now completed 83% and anticipates discharged in November of 2020. Defendant requests early termination so he may move to Ocala, Florida this summer to be with family. (*Id.* at 1.) For the following reasons, the motion is denied.

A court may release a defendant from a previously ordered term of supervision so long as he has completed at least one year of supervised release. 18 U.S.C. § 3583(e)(1). In deciding whether early termination is appropriate, a court is instructed to consider the factors found at 18 U.S.C. § 3553(a). *Id.* This includes, *inter alia*: (1) "the nature and circumstances of the offense and the

-1-

history and characteristics of the defendant;" and (2) "the need for the sentence imposed" (a) "to afford adequate deterrence to criminal conduct," and (b) "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). A court "enjoys discretion to consider a wide range of circumstances when considering whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (citations omitted). A defendant bears the burden to show that such course of action is justified. *Id.* at 824.

The Defendant is 67 years old and has severe health issues. (*Id.* at 1, 5.) He earned a GED in prison and has made significant strides during his term of supervision. (*Id.* at 4.) Although he initially struggled with noncompliance, he has since developed a largely positive track record, except for an incident in February this year. (Docs. 82 at 3; 81 at 4.) The Defendant reports that he has built a successful relationship with his therapist and developed a wide range of coping skills. (Doc. 81 at 4.) Now, he seeks early termination in order to be closer to family in these difficult times. (*Id.* at 5.)

The Defendant's probation officer does not support early termination because he believes that terminating therapy will have negative consequences on the Defendant's mental health. (*Id.* at 6.) The Government opposes the motion, arguing that a desire to move to Florida does not justify early termination and that

-2-

mere compliance with the terms of supervision is expected and does not warrant early release. (Doc. 82 at 2, 4.)

Given the Defendant's February relapse, and the concerns of his probation officer, the Court is not inclined to grant early termination—particularly when it may be possible to accommodate the Defendant's desire to move through a transfer of jurisdiction. The Court is encouraged by the Defendant's report that therapy has been a positive influence in his life and believes that continuing this therapy until, at least, November will be beneficial. The Court finds that the "history and characteristics of the defendant" counsel against early termination. All other factors are neutral. Accordingly,

IT IS ORDERED that the Defendant's Motion (Doc. 80) is DENIED.

DATED this 1st day of July, 2020.

Dana L. Christensen, District Judge
United States District Court